FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

Page 2

DEC 2 8 2010

MATTHEW J. DYKMAN
CLERK

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**

**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District | |
|---|---|---|
| Name (under which you were convicted): Gabriel Ayala | Docket or Case No.: CR-2002-00860 | |
| Place of Confinement: Northeastern New Mexico Detention Facility | Prisoner No.: 60706 | |
| | | 10 CV 1240 MV/LFG |
| Petitioner (include the name under which you were convicted) Gabriel Ayala | v. | Respondent (authorized person having custody of petitioner) Tim Hatch |
| The Attorney General of the State of | | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
First Judicial District Court, Santa Fe, New Mexico
Honorable Michael E. Vigil District Judge, Presiding

   (b) Criminal docket or case number (if you know): D-101-CR 2002-860 & D-101-2007-2651

2. (a) Date of the judgment of conviction (if you know): Plea and disposition 4/1/2004

   (b) Date of sentencing: 1st sentencing 7/15/04, 2nd sentencing 4/5/10

3. Length of sentence: 1st sentence 30 years/Serious Violent Offense, 2nd sentence 18 years/SVO

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☑ No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: _____
   7 - 1st degree(s) CA.
   4 - 3rd degree(s) CA.
   ✱ Mediating Circumstance: Sever Circadian Rhythm Disruption
   (aka, sleep walking / disimbodyment)

6. (a) What was your plea? (Check one)

   (1)  Not guilty ☐          (3)  Nolo contendere (no contest) ☐

   (2)  Guilty ☑              (4)  Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?_____

   per advice of my attorney plead guilty to all counts.

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)   N/A

Jury ❑         Judge only ❑

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☑   No ❑

8. Did you appeal from the judgment of conviction?

Yes ☑   No ❑

9. If you did appeal, answer the following:

(a) Name of court: Court of appeals of the State of New Mexico

(b) Docket or case number (if you know): No. 30,440

(c) Result: claim denied

(d) Date of result (if you know): Nov. 2, 2010

(e) Citation to the case (if you know): State v. Scurry

(f) Grounds raised: The district court acted contrary to law because it did not fulfill the statutory requirements necessary for a finding under the EMPA, including notice to Mr. Ayala of the district courts analysis. The district court failed to connect Mr. Ayala's actions to the mental state required for such a finding, and therefore failed to indicate the basis for its conclusion that I acted with intent or recklessness in face of knowledge.

(g) Did you seek further review by a higher state court?   Yes ☑   No ❑

If yes, answer the following:

(1) Name of court: Supreme Court of New Mexico

(2) Docket or case number (if you know): _____

(3) Result: claim denied

_____

(4) Date of result (if you know): Dec. 22, 2010

(5) Citation to the case (if you know): _____

(6) Grounds raised: Mental state required for serious violent offence finding Same issues as above

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   Yes ❑   No ☑

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☑   No ❑

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: First Judicial District Court, Santa Fe

(2) Docket or case number (if you know): writ of habeas corpus D-0101-CR-2002-00800

(3) Date of filing (if you know): 10|24|07

(4) Nature of the proceeding: evidentiary hearing

(5) Grounds raised: Denial of effective assistance of counsel because of failure to investigate, failure to make any strategic choices, failure to investigate adequately mental health defences, misrepresention of the consequences of a plea (which counsel states on record) failure to pursue pre-trail motions, Failure to object to inadmissible statements made during custodial interrogation, failure to object to speedy trial, ineffective assistance of counsel at sentencing, and Petitioner was prejudiced by the Ineffective assistance of counsel.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?   Yes ☑   No ❑   at sentencing.

(7) Result: ineffective assistance of counsel, all other claims denied.

(8) Date of result (if you know): District Court filed March 2, 2010

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Court of Appeals & Supreme Court of N.M.

(2) Docket or case number (if you know): Sup Ct. No. 32,285

(3) Date of filing (if you know): Supreme Court - June 30, 2010

(4) Nature of the proceeding: Writ of Certiorari

(5) Grounds raised: District Court erred in determing that Petitioner's Counsel's performance was not deficient. District courts adjective reason for dening claims was because court was "familar with his work" and "had been practicing a long time." The court agreed with counsel's analysis of viewing this as a sentencing case. Then the same court found counsel ineffective at sentencing. Thus proving

that he was ineffective on this case as a whole. District Court found no objective reason to satisfy the law that counsel was effective.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?      Yes ☐   No ☑

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: District Court of Santa Fe

(2) Docket or case number (if you know): D-0101- CR- 2002- 00860

(3) Date of filing (if you know): October 26, 2004

(4) Nature of the proceeding: Motion to correct / modify illegal sentence

(5) Grounds raised: Serious Violent offence challenged because of Blakely v. Washington, 542 US. 296 303 (2004). At sentencing I said I thought I was dreaming, in an unreal state of mind. I denied (deny) ever shaking victum. Counsel argued intent not present and not admitted by Petitioner.

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?      Yes ☐   No ☑

(7) Result: Appeals and Supreme Court affirmed conviction

(8) Date of result (if you know): Appeals Court June 1, 2006

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:      Yes ☑   No ☐

(2) Second petition:   Yes ☑   No ☐

(3) Third petition:      Yes ☑   No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

— **GROUND ONE:** _Multiple Sentences violate double jeopardy_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Medical evidence state that all of victum's injuries were caused by shaking baby sydrome. Sydrome meaning a group of related syptoms. District court stated that some injuries were in different stages of healing, namely the rib tractures, which are 3rd degrees. The 1st degrees are based on the skull (stress) tractures. Not from direct impacts as my confession states. Appeals cite that "we hold the bear facts of skull tractures (1st degrees), broken tibula (3rd degree), rib tractures (3rd degree)" rise up to 1st degree charges.

(b) If you did not exhaust your state remedies on Ground One, explain why: (exhausted)

By charging me w/ individual componants (3rd's) of the same crime then to used them cumulitively to "raise" up to 1st degrees (SBH), is by definition double jeapordy. If all the 3rd's are used to make one 1st degree. Then what injuries are used to make the other remaining two-1st degrees?

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☑   No ❏

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?          Yes ☑   No ❏

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: ineffective assistance of counsel by failure to investigate

Name and location of the court where the motion or petition was filed: District court of Santa Fe

Docket or case number (if you know): D- 0101 - CV- 2007-02657

Date of the court's decision: March 2, 2010

Result (attach a copy of the court's opinion or order, if available): attached—only questioned counsel at hearing—why some 1st & others 3rd?—answer: "1st result in GBH, 3rds not... arm (3rd), leg (3rd) ribs (3rd) sufficient to rise to GBH (1st degree)."

(3) Did you receive a hearing on your motion or petition?

Yes ☑   No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☑   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N.M. Court of Appeals

Docket or case number (if you know): No. 26,674

Date of the court's decision: July 21, 2006

Result (attach a copy of the court's opinion or order, if available): Court denied claim and issued a published opinion State v. Ayala 2006- NMCA -088

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: Filed a complaint against Barbra Bromo for lying about victum having brusies all over her body. No medical evidence exists and all witness (including victum's mother) deny victum ever having brusies.✱ shows non-impact injuries.

— **GROUND TWO:** Mental state required for serious violent offence finding. (Mental state should really question guilt) IAC- mental health defences

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): District court found midigating circumstance of sever sleep deprivation. Medically termed Circadian Rhythm Disruption (wake-sleep pattern). So when my mind was awake my body was asleep- disimbodyment, and when mind was asleep my body stayed connected (sleep-walking). Sleeping is a state of unconsciousness.

Doctor concluded with certainty "Actus Reus", Counsel at 1st sentencing stated that if violent finding was an issue he would have gone to trial. Mental state seriously questions culpability. There is a reasonable doubt.

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☑   No ☐

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a

    state trial court?

        Yes ☑   No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: habeas corpus

    Name and location of the court where the motion or petition was filed: District Court of Santa Fe

    Docket or case number (if you know): D- 0101- CV-2007- 02657

    Date of the court's decision: March 2, 2010

    Result (attach a copy of the court's opinion or order, if available): attached

_____

_____

    (3) Did you receive a hearing on your motion or petition?

        Yes ☑   No ☐

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☑   No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☑   No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: Court of appeals and Supreme Court of New Mexico

Docket or case number (if you know): Ct. App. No. 30,440

Date of the court's decision: Supreme Court - June 30, 2010

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: Filed a complaint against attorney Robert Cooper. Main issue for lying on record about having before hand knowledge that Trieste (victim's mother) was seen shaking victim. Provided evidence to district court and documentation in my complaint. Also provided witness to Trieste behavior and abuse.

— GROUND THREE: Denial of effective assistance of counsel left Petitioner prejudiced. (Plea was not intelligently made due to lack of investigation on medical issues.)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Council failed to investigate claims by victim's mother that victum had Osteogenesis Imperfecta (brittle bone disease) * Failed to verify timeline of the 6 days in question. Failed to challenge confession even though council knew it wasn't physically corroborated. Council admitted that he felt I was covering up for ex-wife, yet failed to investigate ex-wife. This goes against the lawful duty of an attorney.

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

* Would like to preserve new evidence and witnesses timeline that was mentioned on evidentary hearing but not presented. Also, I need to legally compel victim's mother to release all findings of victim's medical condition along with doctor's names who treated her. Especially concerning Osteogenesis Imperfecta.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a
state trial court?      Yes ☑   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Writ of Certiorari

Name and location of the court where the motion or petition was filed: In the Supreme
Court of the State of New Mexico

Docket or case number (if you know): Sup Ct. No: 32,285

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?
Yes ☑   No ☐

(4) Did you appeal from the denial of your motion or petition?
Yes ☑   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☑   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N.M. Appeals and N.M. Supreme
Courts

Docket or case number (if you know): Sup Ct. No. 32,285

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative
remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____
Filed a complaint against an attorney.

_____

**GROUND FOUR:** Misinformation of facts reached by N.M. Appeals court violated defendent's rights for a proper review of the Appeal's Process.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The D.A. Berhna Pomo said that my daughter "had varios brusies all over her body," even though there is no medical evidence to support. The appeals court took said comments and applied misinformation (which the courts never said) to reach its decision. Also their decision should be revisited since another non-fact was that defendant "had attempted to cover up his actions and their effects," which was proven that was not the case at all. No where in the medical evidence does it say injuries where caused by blunt force trama or impact injuries. Requesting this court to review medical evidence.

(b) If you did not exhaust your state remedies on Ground Four, explain why: This issue 4 arose when appeals court and N.M. Supreme court based their findings on non-existant injuries and speculation on how they happened. Fruits stemming from comments made by the D.A.

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ☑

(2) If you did not raise this issue in your direct appeal, explain why: Issues and errors arose from appeallate review.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?        Yes ❑ No ☑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: N.M. Appeals and Supreme Court

Docket or case number (if you know): Ayala; 2006 NMCA-88

Date of the court's decision: Conviction affirmed

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?

Yes ❑   No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ❑   No ☑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ☑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____
_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____
_____
_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: Cooper at the evidentary hearing said "No brusies or marks" (at sentencing also) Trieste (victums mother) said no brusies. The higher courts ignored overwhelming testimony and reached its error from a comment made at a motion to reduce bond hearing on Dec. 2002. I do not know how to correct this error reached by the higher courts.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____ Compliant filed against D.A. Barbra Romo for fabrecating evidence. _____
_____
_____
_____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?        Yes ☑   No ❑

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____
_____
_____
_____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____
_____
_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?        Yes ❑   No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?      Yes ☑  No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. *See timeliness of Petition (page 14)*

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: *Robert Cooper, 1011 Lomas Blvd. N.W., Albuquerque N.M. 87102 (505) 842-8494*

(b) At arraignment and plea: *Robert Cooper*

(c) At trial: *N/A*

(d) At sentencing: *1st sentence Robert Cooper, 2nd sentence Todd A. Coberly Coberly Law Office, 1322 Paseo de Peralta, Santa Fe, N.M. 87501*

(e) On appeal: *Todd Coberly, habeas - Brian Pori, evidentiary hearing Brian Pori. appeals - Karl E. Martell (505) 476-0700 public defender's office.*

(f) In any post-conviction proceeding: *Robert Cooper*

(g) On appeal from any ruling against you in a post-conviction proceeding: *Robert Cooper, Karl E. Martell, Brian Pori and Todd Coberly*

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?              Yes ☐  No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?     Yes ❑   No ☑

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* _____

State Habeas was timely submitted and accepted. This proceedure stopped the time for my Federal Habeas. Submitting this Federal Habeas before the N.M. Supreme Court rules on District Courts ruling on the "serious violent offence".

- Timely filed Notice of Appeal from denial of motion to Modify Sentence on Feb. 3, 2005. Appeals decision was entered on June 1, 2006 (No. 25,514) Timely filed Writ of Certiorari to N.M. Supreme Court decision was entered on July 21, 2006 (St. Ct. No: 29,870). Time for filing my state/federal habeas would have expired Oct. 19, 2007. Filed state habeas through prison system on Oct. 17, 2007 Mandate has not been issued to restart time for my Federal Habeas. N.M. Supreme Court decision was reached on Dec. 22, 2010.

Reason for filing now is because even if Supreme Court rules favorably, and I'm resentence a 3rd time. It will not remedy an illegal and unconsititional conviction.

- 3 day rule from date of mandate issued rule. Mailbox rule.

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Page 15

Therefore, petitioner asks that the Court grant the following relief: *To review case, or expedite for an evidentary hearing, to see cause why conviction and sentence are illegal and unconsititional. And why convictions should be set aside, or alternatively have sentence corrected.*

or any other relief to which petitioner may be entitled.

N/A
_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on

*12/23/2010*          (month, date, year).

Executed (signed) on   *12/23/10*    (date).

Signature of Petitioner



OFFICIAL SEAL
CHERYL FRAZIER
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires *12/16/2014*

*Cheryl Frazier*

---

*(...continued)
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

IN FORMA PAUPERIS DECLARATION

_____

[Insert appropriate court]

* * * * *

page one of six

12/12/10

<u>Memorandum:</u>

⇒ 1) Motion to review medical records submitted to District Court. Motion to sepina medical records and doctor's names on Osteogenesis Imperfecta and Alicia's birth tapes from Trieste Cassna:

The medical staff performed spinal taps on my daughter Alicia ( hereafter Alc) when she was only days old. CSF (Cerebrospinal fluid) taps are risky and evasive test, especially when performed on newborns. The medical staff must have felt that there was something wrong with Alc's brain to warrant such testing, which they performed twice, because the test revealed very little CSF drawn. The lack of CSF should have been an indicator that there was a problem with CSF drainage and flow. It was later confirmed that Alc has Hydrocephalus, which is excessive CSF inside the brain ventricals. A non-communicating (obstructive) hydrocephalus means that there is a decrease of CSF into the subarachnoid space, the area responsible for providing cushion for protecting the brain from everyday handling.
In court and to doctors I mentioned that Alc was born with an extra large and irregular shaped soft spot. Moments after Alc was delivered I noticed Alc's fontanelles expanding and swelling when suddenly her breathing changed to shallow labored breaths. Cephalhematoma's result from the force of delivery when a baby's head is pressed against the uterine cervix. Exasperating this condition was the fact that Alc had "Hypocalcemia", which is problems with the calcianification of her bones. Common symtoms

Page two of six

of hypocalcemia is soft skull bones, failure to gain weight, vomitting and being able to bruise easily. Compounding Ale's problems was the fact that her mother, Trieste, has an inverted cervix caused from repeated sexual abuse as a toddler. This would have cause tremendous pressure on Ale's head during delivery until the cervix lined up with her head to open or dilate the cervix. In a medical book (Merck, 13th edition) it states the following under Congenital Anomalies (hypocalcemia) "Delivery trama may lead to intercranial hemorrhage and stillbirth because of the soft skull." Both hypocalcemia and hydrocephaleus are confirmed diagnosis that Ale had/has but never researched or explained to the courts by any medical expert. Ale's soft mushy feeling skull is described at her weekly baby checks conducted by Karen Lawrence on Aug. 27, 2002. This was before any accusations of child abuse arose. I belive that Ale's cranial compromised bones would have easily fractured under expanding pressure and since Ale's sutures (soft spot) were not closed it provided stress release. The medical reports are void of medical terminology such as blunt force trama or impact injury.

The day I was arrested, Sept 9th 2002, CYFD explained Ale's injuries before I was interviewed, which included 8 rib fractures. This diagnosis was made after two days in the hospital. Roughly 10 days later, at the grand jury hearing, they stated that Ale had 12 rib fractures. Several months later and after numerous handeling by medical personal, Ale developed 14 rib fractures (as stated at my first sentencing). Notice how the number of Ale's rib fractures are increasing, when they should be decreasing because of healing. A team of medical doctors and X-ray techs diagnosed Ale

Page three of six

with hypocalcemia and was recommend to an O.I. expert. Finally, at resentencing (2010), Alc's grandmother, stated that Alc had 10 rib fractures, and showed no signs of pain because of her injuries. Only one conculsion can be rationalized: Alc continued to develop rib fractures after I was arrested.

Some types of O.I. are out grown, and often return in old age. And a pattern does exist on my side of the family. In the late 1900's my sister was born with turned feet which required braces to correct. Today doctors are stating she may need braces for her feet. When my daughter was only months old (1986) she developed a radial hand fracture like Alc. My nephew, who like myself has a history of broken bones, was born with a turned foot like Alc. Intresting, all my forementioned family members are second born to their mothers. Alc may have developed the tibula fracture while we were performing physical therapy as instructed by the doctors, being the fracture is on that same leg as the turned foot.

My daughters congenital hypocalcemia and nuerologic trama experiance at birth, because of her congenital abnormalites, should cast considerable doubt as to my involvement and its subsequent effects. Taken with the courts ruling that I had a sever "reduced mental capacity" during the timeframe from Alc birth until my arrest.

The district court has failed in the interpretation of the psycological effects of long term and prolonged sleep deprivation. And first counsel failed to educate himself with these medical terms or bother with questioning doctors.

Page four of six.

⇨ 2) I would to preserve my right to present new evidence to show Trieste Crossner fits the psycological profile of a * child abuser. I would like to order a discovery of my whole case because the court had certain reports on Trieste that they should have questioned and never mentioned in court proceedings. I need an investigator assigned to locate a citim given to Trieste for domestic violence, she admitting to hitting her husband.

In court Trieste admitted to having post pardom depression after the birth of Alc. The doctors treated her for her depression after the accusations of child abuse arose.

In her blog, briefly mention at the re-sentencing, she states that "there was never a time (in her life) when she felt loved" Probably as a result of her own early and prolonged child abuse. Trieste is an admitted sexual sadist. And, knowingly or unknowingly, has mentioned that she has two young daughters, gives physical descriptions, on a pornographic site, and heading.
* In Alc's case in her fragile condition, she wouldn't require the amount of pressure or action normally associated with abuse to cause trama.

⇨ 3) I would like to preserve for review the time line that the State says the "abuse" occurred, according to the indictment. I need an investigator for obtaining bank statements to support my claim. I am challenging the dates.

The indictment states the crimes occurred during the

page five of six

dates of Aug. 27, 2002 and Sept. 9, 2002. A time frame that I can't recall even being alone with A/c and normally wouldn't be.

Case and point, Trieste stated on record that she assumes the injuries happened while she was at her doctors appointments (notice she didn't witness any abuse from my behavior when I was with her) Problem is that she would have stopped going to her Mid-wifery check ups 6 weeks after A/c birth, which would have ended the week of Aug. 9th 2002. And even if she did go out on other errands or appointments she would have left our children with our sitter that we hired the week of July 15th - 19th 2002.

According to Trieste's own testimony she said, that I would take care of Annaliese, age one year old, in the morning by myself. But what she didn't mention was that me and Annaliese would often go out for lunch, because Trieste was cranky and at one time threw Annaliese into her crib. (Note Alexa witnessed the same thing except she threw A/c.) Trieste would have been alone with A/c during this time. I didn't imagen she would harm a sleeping baby.

Running my own home business, Friday's was normally reserved for picking up checks from clients, and Annaliese always came with. The clients knew Annaliese and are ready to testify to that effect. Again A/c was home alone with Trieste. Our other kids (mine from my first marriage) would be home after school and the bus dropped them off. Both of them are ready to testify as to Trieste's odd behavior of staying in the room until I came home.

Page six of six

As a result of this normal routine during this time frame (which could be shown with bank deposits and in turn purchases) this leaves only 6 school days that are mentioned in the indictment.

Please note that the counts asked of Annaliese was abused and Trieste said "No, because she was always with me" even after she mentioned she would be with me most of the mornings.

Trieste also mentioned that I would be up all night "goofing off" and "lazy." Even though I was the sole provider and she would have to be up with me all night to know what I was doing. Fact is she was asleep and never had employment while she was married to me. Yet all our bills were paid and lacked nothing. Please notice her testimony more carefully than what the district court has. And compare first counsel contradicting statements made on record.

State of New Mexico County of Union

This statement is made under oath. I hereby state that the above information is correct to the best of my knowledge.
Date: 12/25/10             Signature of applicant _____
State of New Mexico
County of Union


Signed and sworn to (or affirmed) before me on this (date) 12/25/10 by
Gabriel Ayala                    (Name of Applicant).

_____         Notary
OFFICIAL SEAL
LOUANNE SNEDDEN                    My Commission Expires: 9/30/2014
NOTARY PUBLIC-State of New Mexico
My Commission Expires  9/30/2014



**FIRST JUDICIAL DISTRICT COURT**
**COUNTY OF SANTA FE**
**STATE OF NEW MEXICO**

FILED
FIRST JUDICIAL
DISTRICT COURT

2008 MAR -2 PM 12: 18

No.  D-0101-CV-2007-02657

**GABRIEL AYALA,**

Petitioner,

vs.

**TIM HATCH, Warden,**
**Guadalupe County Correctional Facility,**

Respondent.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS WITH REGARD TO INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING AND DENYING ALL OTHER CLAIMS

**THIS MATTER** comes before the Court upon Petitioner Gabriel Ayala's Petition for Writ of Habeas Corpus, and the Court having reviewed the Petition and Response and having taken evidence and heard argument, finds and determines as follows:

1.      Defense counsel was ineffective at sentencing in First Judicial District Court case number D-0101-CR-2002-00860.

2.      Defense counsel's performance at sentencing fell below an objective standard of reasonableness and that deficient performance prejudiced Petitioner with respect to sentencing.

3.      This Court heard certain compelling evidence for the first time during the evidentiary hearing on the Petition for Writ of Habeas Corpus because defense counsel never presented it at sentencing in the criminal matter, and such evidence would have altered this Court's views at sentencing and how this Court would have exercised the sentencing discretion it was given pursuant to the plea and disposition



agreement.

4.      This Court can find no tactical value in Petitioner's defense counsel failing to present mitigating evidence that was available to him and for failing to present available evidence that would have provided more context for the situation in general and that would have altered the Court's views when exercising its discretion at sentencing.  The Court can find no reasonable basis for not presenting such evidence, particularly given the fact that Petitioner had entered into a plea agreement accepting responsibility for multiple offenses and faced a significant period of incarceration and given that the plea agreement gave the Court discretion to determine issues of mitigation and aggravation of his sentences and to decide whether sentences on separate offenses would run concurrently or consecutively.

5.      Having reviewed the plea and disposition agreement and initial sentencing in case number D-0101-CR-2002-00860 and having heard evidence on the Petition for Writ of Habeas Corpus that provides the Court with significant details and context that it previously did not have, Petitioner's sentence contained in the Judgment, Sentence and Commitment filed in D-0101-CR-2002-00860 on September 17, 2004, shall be reconsidered and the matter shall be set for hearing on sentencing.

6.      All other claims contained in Petitioner's Petition for Writ of Habeas Corpus shall be denied.

        **IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus shall be and hereby is **granted** only with respect to his claim of ineffective assistance of counsel at sentencing in case number D-0101-CR-2002-00860.

**IT IS FURTHER ORDERED** that Petitioner's sentence contained in the September 17, 2004, Judgment, Sentence and Commitment filed in D-0101-CR-2002-00860 on September 17, 2004 shall be reconsidered and that a hearing shall be set on the issue of sentencing.

**IT IS FURTHER ORDERED** that all claims included in Petitioner's Petition for Writ of Habeas Corpus other than the claim of ineffective assistance at sentencing shall be and hereby are **denied**.

**ENTERED** this __2nd__ day of. _March_ 2010.

**MICHAEL E. VIGIL**, District Judge

Notice on date of filing to:

Brian Pori, Inocente, PC, 204 Bryn Mawr NE, Albuquerque, NM 87106
Thomas Dow, First Judicial District Attorney's Office, P.O. Box 2041, Santa Fe, NM
    87504-2041

3

RECEIVED
At Albuquerque NM

DEC 2 8 2010

MATTHEW J. DYKMAN
CLERK

United States District Court
District of New Mexico
Office of the Clerk

Suite 270
333 Lomas Blvd. N.W.
Albuquerque, N.M. 87102

Gabriel Ayala #60709
856 Dr. Michael Jenkins Rd.
Clayton, N.M. 88415