IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GABRIEL AYALA,

        Petitioner,

v.                                No. CIV 10-1240 MV/LFG

TIMOTHY HATCH, Warden,
and GARY K. KING, Attorney General
for the State of New Mexico,

        Respondents.

**ORDER DIRECTING SUPPLEMENTAL BRIEFING**

THIS MATTER is before the Court *sua sponte*. The Court has reviewed Petitioner Gabriel Ayala's ("Ayala") *pro se* petition brought under 28 U.S.C. § 2254 ("petition"), Respondents' answer, and Ayala's reply, including all exhibits to these pleadings. [Doc. Nos. 1, 7, 11.] Before issuing findings and a recommended disposition, the Court requires supplemental briefing on several matters.

**Background**

Ayala's petition asserts four claims with subparts. Ground one alleges that the sentence Ayala received for multiple counts of child abuse violates his right to be free from double jeopardy. [Doc. 1, p. 6; Doc. 7, p. 4.] Ground two alleges that Ayala did not have the requisite mental state in order for the charges to have been considered "serious violent offenses." Ground three alleges a number of ineffective assistance of counsel claims, including: (a) advising Ayala to enter into a plea of guilty when there was no investigation of the pertinent medical issues; (b) failing to investigate claims of the baby's mother that baby had "brittle bone disease;" (c) failing "to verify timeline of

1

the 6 days in question;" (d) failing to file motion to suppress Ayala's confession; and (e) failing to pursue an investigation into the possibility that Ayala's ex-wife had abused the infant and that Ayala was covering for her acts. [Doc. 1, Doc. 7, pp. 4-5.] Ground four alleges that the New Mexico Court of Appeals, in a decision, relied on "misinformation of facts" which violated Ayala's "right for a proper review" at the appellate level.[1] [Doc. 1, p. 11.]

In the answer, Respondents first argue that Ayala's petition is mixed because some of the ineffective assistance of counsel claims were not exhausted in the state courts. [Doc. 7, p. 1.] In addition, Respondents assert that the petition is time-barred and/or should be dismissed, on the merits, in accordance with the standards of review set forth in 28 U.S.C. § 2254. [Doc. 7, pp. 1-2, 9-14.]

## Supplemental Briefing

**I.     Exhaustion/Mixed Petition**

Although Respondents' answer acknowledges that Ayala set forth four grounds for relief (with subparts) in his petition [Doc. 7, p. 4], Respondents apparently omitted addressing the fourth ground with respect to whether they believed the claim was exhausted or not.  In the supplemental briefing, Respondents should provide their position as to whether ground four was exhausted.

Respondents argued in their answer that two of Ayala's ineffective assistance of counsel claims under ground three were not exhausted.  Those claims are alleged ineffective assistance of counsel for failure to raise a "6 day time line of abuse" and failure to investigate the possibility that Ayala's ex-wife had abused the infant and that Ayala was merely covering for his ex-wife.

---

[1] This claim is unclear.  The Court neither understands what court decision Ayala refers to nor what specific claim of error, if any, is asserted.

In Ayala's reply, he admits there is "not a 'specific' claim in writing" with respect to the above-stated subparts of the ineffective assistance of counsel claim but that he had a "good faith" belief that he exhausted these issues. In support of this position, Ayala states that these two claims were "incorporated within arguments presented" during the November 24-25, 2009 evidentiary hearing before the state district court. [Doc. 11, p. 5.]

The Court requires both parties to provide specific references to any of the pertinent pleadings to show why these two claims were or were not exhausted. For example, to the extent that the Ayala argued in his May 3, 2010 Petition for Writ of Certiorari [Doc. 7, Ex. S, pp. 3, 6, 10] that his ex-wife might have committed the abuse, Respondents should address whether the claim was or was not exhausted.

In addition, because Ayala apparently relies on argument presented at the November 24-25, 2009 state court evidentiary hearing to show exhaustion of these two claims, the Court requires Respondents to produce the transcripts of that hearing to the Court, in whatever form is available, *e.g.,* CDs, paper transcripts. The hearing transcripts should be provided to the Court with Respondents' opening supplemental brief.

Once this limited question as to exhaustion is fully briefed, the Court will determine if Ayala has presented a mixed petition, and if so, will allow him an opportunity to dismiss any unexhausted claims so that the Court can proceed with recommendations on the exhausted claims. If the Court concludes the petition is mixed, it is unlikely that it will opt to employ stay and abeyance procedures as requested by Ayala. *See, e.g.,* Fairchild v. Workman, 579 F.3d 1134, 1153 (10th Cir. 2009) (there are three prerequisites for the stay and abeyance procedure – good cause for failure to exhaust, a potentially meritorious unexhausted claim, and lack of indication that petitioner intentionally participated in dilatory litigation tactics – and court has discretion whether to stay petition during

attempted exhaustion of claims); Gunderson v. Abbott, 172 F. App'x 806, 809 (10th Cir. Mar. 24, 2006) (stay and abeyance procedure available only under limited circumstances) (unpublished).

**II.     One-Year Time Bar**

As its second argument in support of dismissal [Doc. 7, pp. 1-2, 12], Respondents assert that Ayala's petition is time-barred because the state habeas petition was filed 370 days after Ayala's judgment became final, *i.e.,* five days too late.  Title 28 U.S.C. § 2244(d)(1)(A) requires that a federal habeas petition be filed within one year of the date "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Because the state habeas petition was filed more than a year after the judgment became final (by five days), it follows that the federal habeas petition is time-barred under the one-year limitations period.

Respondents calculate that Ayala's conviction became final on October 19, 2006 – 90 days after the entry of the order denying the petition for writ of certiorari issued on July 21, 2006.  He then had one year from October 19, 2006 to file a petition for post-conviction relief, *i.e.,* no later than Friday, October 19, 2007.  Ayala's state habeas petition [Doc. 7, Ex. O] is file stamped with the date of October 24, 2007.  Thus, essentially, the argument is that Ayala's later-filed federal petition could never have been timely filed – by at least that five-day period.

Ayala contends that the postbox rule should apply, arguing that he placed his state habeas petition in the mail on October 17, 2007, two days before his one-year deadline. [Doc. 11.] Ayala refers to the *federal* mailbox rule, which provides that a prisoner's federal pro se habeas petition is filed on the date it is placed in the prison mailbox. [Doc. 11, p. 3.] However, because this issue implicates the *state* habeas petition, the federal mailbox rule does not apply.  *See* Garcia v. Shanks, 351 F.3d 468, 471-72 (10th Cir. 2003) (applying New Mexico law) (state procedural law governs when determining a state petition is properly filed, rather than federal mailbox rule).  Moreover,

4

during 2006-07, New Mexico did not recognize the mailbox rule. *See* Id. at 472 (New Mexico's rules require, at the very least, receipt by the clerk [of the court] before a petition is filed) (internal citation omitted).[2] Therefore, the mailbox rule is inapplicable under the chronology of this case and the parties need no longer address it in the supplemental briefs.

However, the Court will require supplemental briefing on whether Ayala's habeas petition could be deemed timely in view of the Tenth Circuit's decision in Serrano v. Williams, 383 F.3d 1181 (10th Cir. 2004). Although the petitioner's conviction in Serrano pre-dated the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA") the Circuit Court determined that Serrano's § 2254 petition was timely filed in 2002 because he *could have* filed a motion for rehearing as to the denial of certiorari by the New Mexico Supreme Court. Id.. at 1183, 1185. New Mexico procedural rules allowed him 15 days from the supreme court's denial of certiorari to file a motion for rehearing. If those 15 days tolled Serrano's AEDPA limitations period, his federal habeas petition was timely filed. The Tenth Circuit held that Serrano's AEDPA limitations period should have been tolled by an additional 15-day period even though Serrano did not file a motion for rehearing related to the denial of his petition for writ of certiorari. Thus, his federal habeas petition was timely.

The Serrano decision raises the question whether Ayala is entitled to that same 15-day period during which he could have filed a motion for reconsideration (even though he did not) after the denial of his petition for writ of certiorari, in addition to the 90-day period during which he could

---

[2]The 2009 amendments to New Mexico's Rules of Civil Procedure apparently recognized the mailbox rule. *See* NMRA Rule 5-802 ("Habeas Corpus") (petition for habeas corpus "deemed to be filed with the clerk of the court on the day the petition is deposited in the institution's internal mail system for forwarding to the court" provided certain requirements are met). Earlier versions of New Mexico's Rule 5-802, however, do not contain this language, *e.g.,* the 2007 Rules which would have been pertinent in this case.

have filed a petition for writ of certiorari in the United States Supreme Court. If the additional 15 day period is allowed, his habeas pleading could be deemed timely under the chronology of this case. *See, e.g.,* Wallace v. Chase, 2007 WL 2049585, at *4 (S.D. Ga. Jul. 11, 2007) (in examining when the petitioner's conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A), the Court appeared to allow the additional time for the petitioner's motion for reconsideration to be decided, *in addition* to the 90 days he had to seek certiorari in the United States Supreme Court) (unpublished); Gibbs v. Goodwin, 2009 WL 1307449, *2 (D.N.J. May 1, 2009) (finality of the petitioner's conviction was calculated from the date his motion for reconsideration of denial of certification plus 90 days for filing a petition before the United States Supreme Court) (unpublished).

Thus, the Court requires supplemental briefing on the above-described issues from the parties. The Respondent's opening supplemental brief is due no later than thirty (30) days after entry of this Order, along with a copy of the November 2009 evidentiary transcripts; Ayala's supplemental response is due no later than thirty (30) days after receipt of the Respondents' supplemental brief; and Respondents will have fifteen (15) days to file a supplemental reply if necessary.

The supplemental briefing should address only the matters described above and are not an opportunity to raise new arguments, claims, or defenses.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge