IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**GABRIEL AYALA,**

       **Petitioner,**

                                         No. CIV 10-1240 MV/LFG

**TIMOTHY HATCH, Warden,**
**and GARY K. KING, Attorney General**
**for the State of New Mexico,**

       **Respondents.**

## ORDER

THIS MATTER comes before the Court upon Petitioner Gabriel Ayala's motion for *Reconsiteration [sic] for Appointment of Counsel and Motion to Extend Time to Respond to Magistrate Judge's Findings and Recommended Disposition* [Doc. 23], filed August 22, 2011.  In addition to requesting that the Court reconsider its earlier denial of his motion to appoint counsel, Petitioner asks for a 90-day extension of time in which to file objections to the *Magistrate Judge's Findings and Recommended Disposition*. [Id.].

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration."  Instead, depending on when the motion is filed, it is treated either as a

Rule 59(e)[1] motion to alter or amend the judgment or a Rule 60(b)[2] motion for relief from the judgment. Computerized Thermal Imaging, Inc., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). In this case, because Plaintiffs filed their motion on May 5, 2009, more than ten days after entry on the docket of the order in question, the motion must be treated as one brought pursuant to Rule 60(b). See id.; see also Fed.R.Civ.P. 6(a) (explaining computation of time periods under Rules).

While the court enjoys "discretion to grant relief as justice requires under Rule 60(b)," such relief is "extraordinary and may only be granted in exceptional circumstances." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal quotations omitted).

Rule 60(b) provides that

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

---

[1] A motion filed within ten days of the district court's entry of judgment is treated as a motion to alter or amend the judgment under Rule 59(e). Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002).

[2] A motion filed more than ten days after entry of judgment is treated as a motion for relief from judgment under Rule 60(b). Computerized Thermal Imaging, Inc., 312 F.3d at 1296 n.3.

    (4) the judgment is void;

    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

In this case, Petitioner has not alleged any of the justifying circumstances set forth in subsections (1) through (6). Instead, he explains that because (1) the Department of Corrections does not provide legal assistance to inmates to conduct their legal research; (2) the use of inmate assistance is strictly prohibited and punishable by disciplinary action; and (3) prison officials are opening his legal mail, he is unable to present his claims with citations and in a format in accordance with the rules of this Court. [See Doc. 23 at 1-2].

While the Court is not unsympathetic to Petitioner's situation, a heavy burden weighs on any applicant to convince a court that there is sufficient merit to his claim to warrant the appointment of counsel. "It is not enough 'that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case.'" Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006) (*quoting* Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir.1995)). Only in the extreme case where a lack of counsel results in fundamental unfairness is the appointment of counsel merited. Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 115 (10th Cir. 2004). This is not such an extreme case.

Petitioner next asks for an additional 90-day extension in which to file objections to the *Magistrate Judge's Findings and Recommended Disposition* [Doc. 23 at 3-4].

The *Magistrate Judge's Findings and Recommended Disposition* was filed July 14, 2011 and, pursuant to 28 U.S.C. § 636(b)(1), gave Petitioner 14 days in which to serve any

written objections thereto. [Doc. 18 at 1 n.1]. The day objections were due, July 28, 2011, Petitioner timely filed a motion to extend his objection-filing period for 60 days. [See Doc. 19]. The Court granted the motion in part and denied it in part and allowed Petitioner an additional 30 days, or until August 29, 2011, in which to file. [See Doc. 20]. Were the Court to grant, in its entirety, Petitioner's current motion to extend time, Petitioner would be allowed until November 29, 2011 to file objections, which is 2 months longer than he would have had, had his original request for a 60-day extension been granted. An extension of such length is not warranted under the circumstances.

Thus, having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court finds that good cause exists to grant the motion in part and deny it in part.

**IT IS, THEREFORE, ORDERED** that Petitioner Gabriel Ayala's motion for *Reconsiteration [sic] for Appointment of Counsel and Motion to Extend Time to Respond to Magistrate Judge's Findings and Recommended Disposition* [Doc. 23] is **GRANTED** to the extent that Petitioner shall have **21** days from the entry of this *Order* to file any objections to the *Magistrate Judge's Findings and Recommended Disposition*;

**IT IS FURTHER ORDERED** that the motion for *Reconsiteration [sic] for Appointment of Counsel and Motion to Extend Time to Respond to Magistrate Judge's Findings and Recommended Disposition* [Doc. 23] is otherwise **DENIED**.

                                              */s/ Lorenzo F. Garcia*   8/24/2011
                                              Lorenzo F. Garcia
                                              United States Magistrate Judge