IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GABRIEL AYALA,

        Petitioner,

        v.        No. CIV 10-1240 MV/LFG

TIMOTHY HATCH, Warden, and
GARY K. KING, Attorney General
for the State of New Mexico,

        Respondents.

**MEMORANDUM OPINION AND ORDER
DISMISSING SECOND OR SUCCESSIVE PETITION
AND DENYING CERTIFICATE OF APPEALABILITY**

This matter is before the Court, *sua sponte*, under Rules 4 and 11 of the Rules Governing Section 2254 Cases, for preliminary consideration of Petitioner Gabriel Ayala's ("Mr. Ayala") purportedly *pro se*[1] Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e), filed December 6, 2012. [Doc. 29.] There is no need for a response.

---

[1] Mr. Ayala signed the Motion to Alter indicating that he, acting *pro se*, prepared the pleading. Doc. 29 at 18. However, it appears that an unidentified attorney authored the pleading. The Tenth Circuit has expressed concern with this type of practice. Barnett v. LeMaster, 12 F. App'x 774 (10th Cir. Apr. 27, 2001) (unpublished) (Court's "concern stems from the undue advantage gained when unidentified attorneys author 'pro se' pleadings. For example, we afford a pro se litigant's pleadings a more liberal construction than those drafted by an attorney. Moreover, the failure to sign a pleading shields an attorney from responsibility and accountability for his actions. Consequently, we have determined the failure of an attorney to acknowledge the giving of advice by signing his name constitutes a misrepresentation to this court by both the litigant and attorney. For these reasons, we have held 'any ghostwriting of an otherwise pro se brief must be acknowledged by the signature of the attorney involved.'") (internal citations omitted). Although the Court does not expect additional pleadings to be filed in this case, other than the possibility of an appeal, counsel must sign any pleading he or she prepares.

In his motion, Mr. Ayala asks the Court "to revisit" its Memorandum Opinion, Doc. 28,[2] denying and dismissing his Section 2254 petition with prejudice. In support of his motion, Mr. Ayala argues, in part, that the Court overlooked certain facts raised in his petition. Doc. 29 at 1. Mr. Ayala's motion reargues much of his original pleadings and objections in the Section 2254 proceeding, contending that the Court did not include certain arguments in its analysis. *Id.* at 2.

In his motion, Mr. Ayala re-raises arguments already analyzed and rejected by this Court. For example, he argues that the District Court did not analyze whether, based on the circumstances, his defense attorney was effective or deficient in relation to advising Mr. Ayala to plead guilty. Doc. 29 at 2. Contrary to Mr. Ayala's assertions, this Court addressed in detail the issue of ineffective assistance of counsel before denying his claim. Doc. 28 at 17-20. The same is true for the remainder of Mr. Ayala's motion. None of Mr. Ayala's arguments raise new claims. Rather, Mr. Ayala simply disagrees with the Court's analysis and conclusions, and seeks a second bite at the apple. This is not allowed.

Mr. Ayala characterizes his motion as a Rule 59 motion to alter or amend a judgment. However, Mr. Ayala's claims amount to an unauthorized second or successive habeas corpus petition. Under the rules governing habeas corpus petitions, Mr. Ayala may not proceed on a second or successive petition in this Court. The Court has already dismissed Mr. Ayala's Section 2254 petition, with prejudice, on the same claims he raises in the motion to alter. Final judgment has been entered. Under these procedural circumstances, the instant motion is a second or successive petition that may not be filed in this Court, unless the Court of Appeals for

---

[2] The Magistrate Judge issued Findings and a Recommended Disposition on Mr. Ayala's petition, proposing that the petition be denied and dismissed, with prejudice. Doc. 18. Mr. Ayala filed objections, Doc. 25, which this Court considered in adopting the Recommended Disposition in part and modifying it in part. Doc. 28. The end result was that the Court dismissed the petition, with prejudice.

the Tenth Circuit first issues an order authorizing the filing. *See* 28 U.S.C. § 2244.

"When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to [the court of appeals] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997); 28 U.S.C. § 1631. The current motion to alter is Mr. Ayala's second attempt to attack his state conviction, and is not accompanied by an authorizing order. The Court thus will dismiss Mr. Ayala's motion for lack of jurisdiction.

Further, under Rule 11 of the Rules Governing Section 2254 Cases, the Court determines that Mr. Ayala has failed to make a substantial showing of denial of a constitutional right, and accordingly, will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Petitioner's Motion to Alter or Amend a Judgment [Doc. 29] is DISMISSED for lack of jurisdiction and a certificate of appealability is DENIED.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE